# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LINDSEY TURNER ET AL.**                          **CIVIL ACTION**

**VERSUS**                                          **NO: 23-241**

**UNITED STATES OF AMERICA**                        **SECTION "H"**


## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability (Doc. 15). For the following reasons, the Motion is **GRANTED**.


## BACKGROUND

On March 9, 2021, a motor vehicle accident occurred in Gretna, Louisiana between a United States Postal Service (USPS) vehicle driven by Tybryson Miller and a 2017 GMC Acadia driven by Plaintiff Lindsey Turner. Miller was acting in the course and scope of her employment as a USPS carrier at the time of the crash. Turner and her husband bring claims against Miller's employer, the United States of America, under the Federal Tort Claims Act

1

("FTCA") for injuries Turner sustained in the accident. Plaintiffs now move for a partial summary judgment on the issue of liability.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiffs have sued Defendant United States of America under the Federal Tort Claims Act.[9] The Federal Tort Claims Act "subjects the United States to liability to the same extent as a private party for personal injury or property loss caused by the negligence of its employees in the course and scope of their employment."[10] This Court therefore applies Louisiana law to determine liability.[11] Louisiana employs the duty-risk analysis in tort cases, under which Plaintiffs bear the burden to prove that:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] See 28 U.S.C. §§ 1346(b), 2674 (2012).

[10] Tindall by Tindall v. United States, 901 F.2d 53, 55 (5th Cir. 1990)

[11] Alexander v. United States, 605 F.2d 828, 832 (5th Cir. 1979) ("[L]iability under the FTCA is governed by state law . . . .").

3

(the scope of liability or scope of protection element); and (5) the actual damages (the damages element).[12]

Here, Plaintiffs move for a partial summary judgment finding on the issue of liability. In support of their Motion, Plaintiffs offer evidence that, in response to Interrogatories, Defendant United States of America admitted that at the time of the accident Miller "was attempting to stop for the stop sign at the exit of the Post Office Parking Lot and Gretna Boulevard when her foot slipped off the brake and onto the gas pedal which caused the Postal vehicle to move forward and contact Plaintiff Turner's vehicle."[13]

The United States does not dispute that it owed a duty to the Turners. It also does not present any evidence creating a material issue of fact as to liability for the accident. Instead, Defendant asserts that it disputes the degree to which the subject accident is responsible for the damages the Turners allege and the extent of those damages. Plaintiffs have not sought summary judgment on the issue of causation and damages. Accordingly, the Court finds no material issue of fact precluding an entry of partial summary judgment in Plaintiffs' favor on the issue of liability.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**, and partial summary judgment on the issue of liability is entered against Defendant

---

[12] Audler v. CBC Innovis Inc., 519 F.3d 239, 249 (5th Cir. 2008) (quoting Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 633 (La. 2006)).

[13] Doc. 15-7.

United States and in Plaintiffs' favor. Oral argument on Plaintiffs' Motion is **CANCELED**.

New Orleans, Louisiana this 22nd day of January, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5